Case number 21-5889 and 21-5907 ACT Inc v. Worldwide Interactive Network et al. Oral argument, 15 minutes per side. Mr. Lapidus for the appellant. We have two cases. Are the same attorneys arguing for both cases? Yes, Judge Lapidus and my friend for the plaintiff. And I'll sit back down while we, if you'd like for me, while we address the... No, no, I just wanted to know. So, yes, with one possible exception first, I believe we're addressing first the copyright issues and then these derivative sovereign immunity issues. With regard to the copyright issues, I will be handling irreparable harm in scope and Ms. Parsifar will be handling likelihood of success. Okay. And would both of you prefer to keep them separate, the two cases? That would be our preferences. They seem to be distinct issues, but I completely defer to the panel to decide if it feels it's in the judicial economy interest to consolidate. And you're reserving what for rebuttal? Three minutes, Judge White. Thank you and may it please the court. I'm Loren Lapidus with Nelson Mullins and my co-counsel Kyle Carpenter with Wolf McLean on behalf of the defendants. And with the court's permission, I'd like to reserve three minutes, please, for rebuttal. In this circuit, an injunction is an extraordinary remedy and it's a drastic one, too. That's why this court, in many of of the law's most powerful weapons. Such relief is consequently not one to be issued lightly. To that end, the United States Supreme Court in Ebay in winter and this court following suit in DT Summer and the Enchant Christmas case established the following three criteria applicable here to ensure that injunctions are not freely granted. Number one, the existence of irreparable harm is mandatory and without it, an injunction cannot issue despite even the strongest showing on any other factor. Number two, irreparable harm must be immediate and it must be imminent. Thus, a movement must clearly demonstrate by competent record evidence based on the specific facts of the case at bar that future irreparable harm is likely to occur without an injunction. And number three, irreparable harm must be proven. And it cannot be presumed. A presumption of irreparable harm following a showing of a likelihood of success on the merits in a copyright infringement claim can no longer be the law in this circuit as the Supreme Court in Ebay has said it can no longer be the law of the land consistent with the Copyright Act. The District Court, however, misapplied the controlling law on, among other things, the indispensable irreparable harm by failing to apply these three cardinal principles I just recited. Thus, the preliminary injunction order constitutes an abuse of discretion under the law of this circuit which requires that it be vacated and remanded to the District Court to apply the correct legal standard. So first, with respect to the irreparable harm prong, a movement must show a likelihood of future irreparable harm. The District Court in this copyright infringement case erroneously concluded that injunctions should be granted based upon a suggestion, a possibility of The Court could only determine that defendants' prior use of allegedly infringing materials to compete with plaintiff suggests, in other words, mentions or implies as a possibility that the defendants would continue infringing plaintiff's copyrights. This legal standard is erroneous and it's erroneous because under Winter, the Supreme Court of the United States said a movement must offer clear evidence based on the specific facts at bar that a plaintiff would be likely to incur irreparable injury. That's, in other words, harm that I'm not sure I followed. Your client was marketing its materials and had some contracts. But so how is that the injunction was needed so that it, so that your client did not move on those contracts? Well, I think, Judge White, I think what you're talking about is what's referred to in the District Court's order as an advertisement, but it wasn't an advertisement. What it was, in effect, it was part of the request for contract for South Carolina with respect to the original learning objectives that are no longer in use and not at issue with respect to the preliminary injunction. So it had nothing to do with future irreparable harm. And the key question, Judge White, is well, could money damages make this plaintiff whole? That's the crucial question. That's why you have to show a likelihood of irreparable harm. Just saying that irreparable harm or asserting that it's going to occur, that's impossible, or it's suggested to occur, doesn't make it so. And I think then, you know, the panel is probably asking, well, what evidence would suffice on irreparable harm? And I think remarkably plaintiff's cases that's cited on page 63 of their principal brief illustrate precisely the evidence which might be sufficient to qualify as incalculable harm in the ordinary course. For example, number one, forcing a going concern out of business. These come right from plaintiff's cases. Number two, laying off 500 workers and closing down two assembly lines. And I think you probably will hear a lot about reputational harm and goodwill from my friends from the plaintiff. And I'd like to take an opportunity to address that with you all today. Regarding claimed reputational harm, their own case, the Judge Scott case that they rely on, says if you want to show that it's likely, that you're likely to incur irreparable harm for reputational purposes, you have to demonstrate things including the specific price difference or percentage discount between the parties' competing products, along with actual sales data of the competing products, including outstanding orders, projected sales, and that the non-movement was actively selling or circulating the competing product. And that's not, that's not available on this record with respect to any competent record evidentiary showing. They simply asserted that irreparable harm is occurring and the District Court concluded that it, that it was suggested that because there had been some infringement in the past with respect to learning objectives that are no longer used, it is possible that it could happen in the future. And that's precisely the problem that the Supreme Court encountered in the Winner case and precisely the problems in the DT Summer case that this circuit opined is you need to have a likelihood. And you have to have a likelihood based on evidence. And there was no competent record evidence before the District Court at the preliminary injunction proceeding, which remarkably was something initiated by the District Court on its own motion, to actually give the District Court the essential ingredients or tools that it needed to make that specific factual and fact-intensive determination about can money damage make this plaintiff whole or not. And that's what we're discussing here. Okay, so you said it's a factual determination, so it's clearly erroneous review for the irreparable harm element? No, I don't think so, Judge Bush. I think as this circuit, as it explained in many of its cases, the standard of review on a preliminary injunction is ultimately abusive discretion, but it's not entirely deferential. And that's because certain legal conclusions that are encompassed within the preliminary injunction order are reviewed day in, day out. Irreparable harm is a legal conclusion? Absolutely, irreparable harm is a legal conclusion. But, Judge Bush, a District Court would have to make certain findings a fact to then use its judgment to then apply, well, is irreparable harm occurring as a matter of law? And some of these... And you would make all those findings a fact to be subject to clearly erroneous review? The specific findings of fact, Judge Bush, would. But that goes to the specific... Are there any findings of fact by the District Court? There were not, Your Honor. And I provided you, Judge Bush, with some of the essential ingredients that if a movement for a preliminary injunction wanted to show, put on a sufficient, competent evidentiary showing of irreparable harm, they would, with respect to reputational harm, they would have to show the specific price difference or percentage discount between the parties' competing products, actual sales data, outstanding orders, and actively trying to sell the actual product at issue. And none of those things were... So there was no finding of fact with respect to reputational harm? No, Judge Bush, there was not. It was just a summary conclusion that because the plaintiff asserts that... Well, that was a finding of fact, wasn't it? The question is whether or not there's sufficient evidence to support the finding. Well, I think... Under a fairly erroneous review, isn't that the question? Well, I think the question of irreparable harm is a legal conclusion that's reviewed de novo. The facts that... There are going to be facts that a court would have to find to determine whether then, you then, you know, you have findings and then do the findings support the conclusion. I mean, in here, you had nothing. You... The record was completely barren. None of these things were issued or offered in evidence before the District Court for the court to be able to make that critical determination about whether money damages could make the plaintiff whole or not. And under Winter and under eBay and Enchant Christmas and DT Summer, those things can't happen in this circuit. And I think one other point worthy of mention, the plaintiff, in their principle brief, makes two points which really don't... Which really help our cause. And I want to point those essential points to the court. One, on page 64 of the plaintiff's brief, plaintiff concedes that there's uncertainty in the District Court's order as to whether the defendants would engage in future infringement. That in itself is fatal since plaintiff must sufficiently demonstrate that irreparable harm is immediate and that it's imminent. They concede that there's uncertainty about whether defendants would engage in future infringement. Next, plaintiff points to a plaintiff's prior TRO request, a request that was denied by the District Court. These affidavits manifestly confirm the error below. The District Court tied its harm analysis into defendants bid on contracts with various states. But the Babington and Shearing affidavits cited at record page ID 34867 and 34869 do a very good job at quantifying the damages by expressly calculating the annual value of plaintiff's contracts with the states of South Carolina and Michigan. This court, in the Grip and Shrug case, 945 F2D at 154 pinpoint, has consistently concluded that, quote, the existence of adequate compensatory relief at a later date weighs heavily against the claim of irreparable harm. And that is precisely what the record shows here. Accordingly, the District Court's erroneous application of the governing legal standard with respect to the indispensable irreparable harm prong should command that the preliminary injunction order be vacated on this basis alone. And that's because the rebuttable presumption of irreparable harm, which in the past could have served as a basis to support a preliminary injunction, is no longer valid under eBay. And this observation- I just want to clarify one thing. The judge did not purport to apply the presumption. I agree, Your Honor, that the District Court, in its order, sort of hedged in what it was doing. But I think here's why it's a procedurally appropriate time for this circuit to take on this issue. Because in Inching at Christmas, this court didn't address the issue because there was no showing of a likelihood of success on the merits. Right? We're contending, we're debating that issue, of course. But the District Court's finding, or conclusion, rather, of triggers that presumption that the Inching at Christmas court, this circuit, in Inching at Christmas said, is on its last legs. So it comes into issue here because it was triggered. In Inching at Christmas, it wasn't triggered. So this panel could look at that presumption and say, well, if this presumption is still the law of the Sixth Circuit, then it could be used as a basis to affirm the order. But what we're saying on behalf of the defendants is after eBay and after Inching at Christmas, considering that the presumption is on its last legs, I think now it's time for the panel to put the nail in the coffin on the presumption. And that is because the Supreme Court expressly rejected a presumption of harm following a showing of likelihood of success on the merits, instead holding that traditional equitable principles control, thus requiring application of the tried and true four-factor framework. Inching at Christmas recognized this presumption, one still technically valid unless this panel says otherwise, could no longer stand in this circuit because this circuit's opinion presumption was based on a Ninth Circuit case which has been reversed. And the Third Circuit, the Fourth Circuit, the Seventh Circuit, all this circuit's sister circuits have said consistent with eBay that it's time now for this court to hold consistent with the Supreme Court's directives in eBay. And the sister circuits and hold the presumption can no longer be used as a basis to affirm the preliminary injunction order here. As a practical matter, if we find that it was an insufficient showing, then maybe we address the issue. But if we find that there is a sufficient showing, then there would be no reason. I would agree that you might have some flexibility in determining how you might decide as to how the issue comes out. But under either way, our position is there's no showing of likelihood of success and the rebuttal presumption can't support the order. So I see my time is up. And for these reasons, and we stand on our briefs, of course, we would respectfully request that this court vacate the preliminary injunction order and remand the case to the district court with instructions to proceed with merits disposition. And in fact, trial in this case, I just would like to tell the panel, has not occurred yet. Trial in this case is scheduled for the 22nd of August, 2022. Thank you. Good afternoon, and may it please the court. My name is Laura Chapman. I'm with the law firm of Shepard, Mullen, Richton & Hampton, and I represent ACT in this case. I think we just need to take a step back and realize that the judge in this case did not apply any presumption of irreparable harm. The judge in this case, the district court judge, did not say, because ACT established a likelihood of success on the merits with regard to WINS 2020 revised learning objectives, then automatically a preliminary injunction should issue. That did not happen. And it is also not the case that the factual record that supports the preliminary injunction is insufficient. This judge made no errors whatsoever with regard to the preliminary injunction or the summary judgment. What they're doing is they're asking for an advisory opinion. And that should not issue here because the judge did not apply the presumption. It's true that a preliminary injunction or any judge in this case, our court needed that weapon because what was at issue in the preliminary injunction was continued infringement by the defendants in view of a summary judgment order that had been issued the year before. And in that summary judgment order, the judge correctly found that there was a valid copyright and that it was being infringed originally in the first set of learning objectives. And then in the summary judgment order, our district court judge made specific directions, instructed what could be done and could not be done. And what we found out during the course of litigating the case after the summary judgment order was issued, we found out that WINS was doing the same thing. They continued to infringe by creating the revised learning objectives. And so we, the reason the court had a hearing on a preliminary injunction was because the court was trying to adjudicate issues since the plaintiff, one of the defendants in the case said she was ill and could not continue. So or could not come to the trial. So the judge was trying to figure out what to do. And having already determined that there was a summary judgment order on validity and infringement, he looked at the next issue, which is what about this revised learning objective? The court absolutely did not presume irreparable harm in this case. It's really important to note, and this gets completely sidestepped by the defendants, it is not hard to prove irreparable harm in a copyright case. That is what the court in Montana Silversmith said. And the Montana Silversmith case was cited by the defendants in this case. There was actual evidence that the district court, that was before the district court. This preliminary injunction that we're talking about today was the second motion for preliminary injunction. There were other issues and are other issues in this case involving false advertising. And we had a hearing on the false advertising issue and that was a preliminary injunction. And during that preliminary injunction, ACT put on evidence of reputational harm. That's in the record. ACT put on evidence of the fact that when ACT lost the South Carolina contract because of the original infringement, ACT had to lay people off. That was before the court. And not only did we have declarations or presentations, these two witnesses, Steve Schering, the CFO of ACT, and Rose Babington, who was in charge of a Michigan contract that was at issue when we had that preliminary injunction hearing on false advertising, they testified before the court. So a court is absolutely not required to forget the case just because the same exact evidence isn't re-presented at a separate time in the lawsuit. What do you have in terms of findings as opposed to general conclusions? Yes. It's just the issue, and I'll get right to that, Judge White. Friedman v. Parker, 2021 Westlaw 5494522 is the case that says you don't have to forget the case. So what the court said in this case is that there was reputational harm to the defendant and that harm to competition was occurring. And that harm to competition is a direct result of Winn's own admissions. One of the central problems that we have faced in this case from the beginning is that Winn stole ACT's copyrighted material and then went around and used it to tell the customers, and just as a pause, there are only 50 customers altogether that's possible. Both parties and third parties market their assessments to states. Not all of the states have career readiness programs. Only some states have career readiness programs. So when we lose a contract to a competitor who is unfairly competing by investing in infringing our copyright, that's a very significant loss. It's a loss monetarily that can't only be compensated with money. ACT is reputationally an outstanding company in this space. And when we lose contracts to people who, in our view, have insufficient and invalid assessments, but they're stealing some of our material, that is a huge hit to us reputationally. It's not hard to show that. And there isn't a bunch of law that says you have to do this picture perfect. What they're asking for, it's a preliminary injunction. You have to show a likelihood of success on the merits. This district court judge has litigated this case for years. There are over 600 items on the court's docket. The court didn't forget everything that it knew about the case. Judge McDonough did the right thing by making a determination that there was going to be harm to ACT's reputation. I guess what concerns me is that this opinion is fairly bare bones in the findings as to what basis is for the finding of irreparable harm. I'm looking at the preliminary injunction pages 24 to 25. It's like one paragraph. Is that what you're considering where the findings are? So what I would say to that, Judge Bush, is that there's an entire avenue that has been completely ignored by the defendants here. And that is case law that we put in our brief in our motion for preliminary injunction. We cited the Virtual Studios case. Let me just take one step back. The Copyright Act itself, I'm trying to find where the camera is, I'm trying to look at all of you. The Copyright Act itself allows a district court judge to stop continued infringement. And the Virtual Studios case, 987 F sub 2nd 769, makes it impossible for a district court judge out of the Eastern District of Tennessee, decided in 2013, says that ability to stop continued infringement is absolutely consistent with eBay. That there is nothing inconsistent with eBay when you have a situation where someone is continuing to infringe your copyright. Because what is your right as a copyright owner? It's to control the material. And when there was evidence in front of the court that business was lost. The South Carolina contract was lost. That was in the record. I understand that the evidence is in the record. I guess what I'm having trouble with is just where does the district court make a finding based on that evidence? Is it this paragraph that we're talking about that I mentioned? Is that what we should focus on? Or is there something else that the district court did or wrote, said, that we should look at? Because I know what your proof is. I know you have the proof in the record. Should we just presume that the district court is making a finding based on this proof? So the court's discussion about irreparable harm is at document 51 at 37858 to 859 and at the top of 37860. So the court's discussion about irreparable harm that is the court's determination of irreparable harm. And independent of that, because you can affirm for any reason, when there is ongoing infringement, it is absolutely consistent with eBay and it is consistent with the Copyright Act and it is essentially practically required to enter an injunction. That's what courts do. Otherwise they don't have a way to deal with the infringement. And that I think is also, and if you look at the Salinger case cited by the defendants, the court in Salinger determined and stated that it was a very low level of evidence that would be needed to show irreparable harm. And in that case it says that had the infringing party used the material in the future, that would have constituted irreparable harm. So this idea that you have to have this mountain of evidence of harm to find irreparable harm, I just don't think that's supported in the case law. And I also think independently, continued infringement has to be enjoined. Otherwise you would keep coming back to court and filing a new copyright infringement case every single time the infringement continues. I think we've all asked you where the findings are or where the basis of the conclusion that there is irreparable harm is. Are you saying that we have to look back at the summary judgment decision too? I'm saying that on page 37859, document 541, Judge McDonough said Winn has directly advertised its own assessments as a more cost effective and flexible alternative to the assessment system offered by ACT work keys to former ACT clients and to others. And the court, they quibble about the word suggestion, that there was a suggestion about imminent harm in the future. That really is a substitute for showing. That was the whole purpose of the preliminary injunction motion and order granting the preliminary injunction. Kept infringing the copyright. They kept doing it using serratum. So a district court judge must have the right to stop continued infringement. And that's what the cases that we cited at the district court said. That was the whole reason to have the preliminary injunction. And there was evidence in the record that the court had to determine that there is an undercutting of competition. An undercutting of competition is a basis for and showing of irreparable harm in the enchanted Christmas case that the defendants rely on. So as I see it, you pointed to this one sentence in the paragraph at the top of page 25 of the PI. And then I think you also referenced the next paragraph. And I assume you're talking about on the top of page 26, there's a statement regarding using the infringing materials to rely on contracts with consumers and compete with ACT. Is that another finding that you're relying upon? Yes, your honor, that is correct. Is there any other finding that you're relying upon? Yes, the next sentence is that the history of using the materials, the word is suggest but a synonym in this context is shows or proves. Because it was as of the day we were having the preliminary injunction hearing, that continued infringement was going on even in view of the summary judgment order in which the court said, you're infringing and here's what you are not allowed to do. And they kept doing it. I'm sorry, were you done, Judge Bush? Yes, I am. Did the court address whether damages would suffice? Yes, your honor. I believe so. In the standard that the court articulated, I'm looking at the order right now, and I believe that the order correctly recites the standard that you have to show and that includes that damages do not suffice. So the court certainly took it into consideration and articulated it in the standard. The summary judgment order is dozens and dozens of pages, the preliminary injunction order, this judge was nothing but thorough. And there is no error in what the judge did. I think we should also be very clear about what eBay does and doesn't do. eBay simply says, apply the presumption. And the judge, I'm sorry, eBay says do not apply the presumption, apply the four prongs for injunctive relief. And that is what the judge did. I see my time is up, so if you have any more questions, obviously I will. Thank you for your time. Judge White, to answer your question, no, the district court didn't discuss whether damages would be sufficient in any meaningful context. And I'm glad my friend for the plaintiff referenced the Virtual Studios case, it's a district court case, it's not binding of course, but that case really applies the incorrect standard and I encourage the court to look at it. What it concludes is that all that is needed is a risk, a simple risk of irreparable harm, not a likely showing based on competent record evidence. And I think another problem that I heard is this idea that there was somehow evidence in the record to support the injunction, but if the plaintiff is coming out to this court to try to backfill evidence and argument on irreparable harm, that's inappropriate for several reasons. In United States v. Ford 184 F3D 566, the third footnote, even appellees waive arguments by failing to brief them. You can't come to the appellate court and then argue about all this new evidence that you think, which I still haven't heard of, that supported this argument. So those arguments have been waived. In addition, none of the purported specifics the plaintiff purports to argue for the first time in appeal were evaluated and found as fact, which is I think Judge Bush's point, which is essential for the district court. This court is not a fact-finding court, it is an error-correcting court. And that confirms really that plaintiff failed to meet its heavy burden before the district court by showing imminent and irreparable harm with clear and particular evidence showing why on the specifics of the case, money damages would be insufficient. Thank you for your time. Okay, that case will be submitted.